**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHARLIE D. PRYOR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 26-CV-402-JPS<br><br>**ORDER** |

## 1. BACKGROUND

Petitioner Charlie D. Pryor ("Petitioner") moves to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. In the underlying federal criminal case, Petitioner pled guilty to unlawful possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) (Count One in the Indictment). *United States v. Charlie D. Pryor*, 24-CR-74-JPS (E.D. Wis.), ECF Nos. 10, 22 ("Federal Case").[1] On October 25, 2024, he was sentenced to sixty months as to Count One of the Indictment. CR-ECF No. 22 at 2.

Petitioner's § 2255 motion seeks to vacate his conviction as to Count One of the Indictment, suggesting that § 922(g)(1) is inconsistent with the Second Amendment as applied to him. ECF No. 1 at 4. He relies on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) (hereinafter "*Bruen*"). *Id.* This Order screens Petitioner's motion.

---

[1]Docket references to the underlying criminal case will be cited hereinafter as CR-ECF.

## 2. SCREENING

At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp*., 425 U.S. 738, 740 (1976)).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable and non-frivolous claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

### 2.1 Timeliness

The Court starts its analysis with the issue of timeliness. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides for:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> > (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. Mar. 15, 2022) (citing *United States v. Clay*, 537 U.S. 522, 524–25 (2003)). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed; or . . . the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A).

Petitioner's judgment of conviction was entered on October 24, 2024. CR-ECF Nos. 22 (judgment) and 23 (statement of reasons). He, therefore, had until November 7, 2025 to appeal and did not do so; as such, his judgment of conviction became final on November 7, 2025.[2] More than a year has passed before he filed this petition. ECF No. 1.

---

[2]The United States Supreme Court handed down its decision in *Bruen* on June 23, 2022, making a § 2255 motion premised on that case due on June 23, 2023. But this is of no moment, because as just explained, the clock begins on the latest of the four dates outlined by 28 U.S.C. § 2255(f), which in this case is the date Petitioner's conviction went final, an event that occurred well after June 23, 2023.

Accordingly, for this case to proceed, one of the exceptions must apply to excuse the untimeliness of Petitioner's § 2255 motion. One exception is known as the "actual innocence gateway." *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019). A late § 2255 motion can be considered if the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Gladney,* 799 F.3d at 896 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006) and citing *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013)). "The actual innocence gateway is narrow," *id.* at 896, and "claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 524.

Petitioner asserts that he is actually innocent of the conduct to which he pleaded guilty. ECF No. 2 at 3. But as just noted, he argues that his conviction for Count One should be vacated for *legal*, not factual, reasons. ECF No. 1 at 4 (arguing that § 922(g)(1) is unconstitutional as applied to him). The Seventh Circuit has stressed that it is "'doubtful' that a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund*, 913 F.3d at 668 (quoting *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018)). Nonetheless, the Court will refrain from ruling on whether Petitioner is actually innocent until the Court receives the benefit of the parties' briefing.

The other exception to the statute of limitations is known as "equitable tolling" and is "reserved for extraordinary circumstances far

beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 683–84 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Based on Petitioner's current argument, this exception would also most likely not apply. Petitioner merely argues that he is unable "to research due to constant Bureau of Prison issues [and] deprivations such as but not limited to Lexis Nex[i]s." ECF No. 2 at 3. To be sure, such an allegation is generally insufficient to constitute an extraordinary circumstance. *See Jaimes v. Chase*, No. 25-cv-0103-bhl, 2025 WL 1617405, at *2 (E.D. Wis. May 28, 2025) (rejecting a petitioner's argument that he only had access to a "subpar law library" constituted an extraordinary circumstance (citing *Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021)). But again, at this juncture, the Court cannot conclude that equitable tolling would be inappropriate here.

As such, subject to the below discussions, *infra* Sections 2.2 and 2.3, the Court must allow Petitioner to proceed. *Day v. McDonough*, 547 U.S. 198, 210 (2006) (before a court can dismiss a habeas motion for untimeliness on its own motion, "a court must accord the parties fair notice and an opportunity to present their positions").

### 2.2 Procedural Default

The Court next considers whether Petitioner's lone claim—that § 922(g)(1) is unconstitutional as applied to him—suffers from procedural default. Section 2255 relief is appropriate if the Court determines that "the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal, but which he "could have . . . raised at trial or on direct appeal," are typically procedurally defaulted, and he cannot raise them. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are several exceptions to this rule. As applicable here, actual innocence may excuse procedural default. *See McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013). As just discussed, *see supra* Section 2.1, it would be premature to rule on Petitioner's actual innocence. As such, the Court will allow this petition to proceed subject to the discussion below, *infra* Section 2.3.

### 2.3 Non-Cognizable or Frivolous Claim

To survive screening, a ground for relief must be cognizable and non-frivolous. That is, Petitioner must show that there is some colorable basis in the law for finding that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[T]he district court can dismiss a petition that raises a legal theory that is indisputably without merit . . . ." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (citing *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)). In *Hall v. United States*, this Court found that the petitioner's "*Bruen* argument . . . indisputably lack[ed] merit because . . . neither the Supreme Court of the

United States nor the Seventh Circuit has held § 922(g)(1) is unconstitutional" on its face. No. 24-CV-1272-JPS, 2024 WL 4564498, at *4 (E.D. Wis. Oct. 24, 2024). However, in this case, Petitioner raises an as-applied challenge to § 922(g)(1), a legal issue which the Seventh Circuit, by its own words, has left "open." *United States v. Prince*, 171 F.4th 1009, 1012 (7th Cir. 2026). As such, the Court cannot conclude that Petitioner's as-applied challenge to § 922(g)(1), the lone claim of his habeas motion, is frivolous and/or non-cognizable under existing law at this juncture.

## 3. CONCLUSION

For all these reasons, the Court finds that Petitioner's § 2255 motion survives screening. Petitioner may proceed on his lone claim that § 922(g)(1) is unconstitutional as applied to him.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.

   b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days

of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge